UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO DAVID MORALES MEDINA, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>JMT RESTAURANT CORP., d/b/a LOUIE'S PIZZERIA, and JOHN M. TUCCILLO, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.: 20-cv-5753**<br><br>Jury Trial Demanded |

Plaintiff, FRANCISCO DAVID MORALES MEDINA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against JMT RESTAURANT CORP., d/b/a LOUIE'S PIZZERIA ("Louie's Pizzeria"), and John M. Tuccillo, individually, ("Tuccillo," and together with Louie's Pizzeria, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay their employees an additional one

1

hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a corporation that operates a Nassau County-based Italian restaurant / pizzeria and its owner and day-to-day overseer - - as a kitchen staff employee from September 27, 2017, through August 13, 2020. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout Plaintiff's employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for all hours that he worked per week in excess of forty. Rather, Defendants paid Plaintiff a flat weekly salary that by operation of law compensates him for only his first forty hours of work each week, and therefore Defendants paid Plaintiff nothing for his hours worked in excess of forty each week.

3. Defendants further violated the NYLL and the NYCRR by failing to provide Plaintiff with: spread-of-hours pay whenever his workday exceeded ten hours from start to finish; any wage statements on each payday, let alone accurate ones; and any wage notice at his time of hire, let alone an accurate one.

4. Defendants paid and treated all of their non-managerial kitchen staff employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Louie's Pizzeria was and is a New York corporation with its principal place of business located at 39 Old Country Road, Carle Place, New York 11514.

10. At all relevant times herein, Defendant Tuccillo was and is the owner and day-to-day overseer of Defendant Louie's Pizzeria, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business and who was and

is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff.

11. At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant Louie's Pizzeria's qualifying annual business exceeded and exceeds $500,000, and Louie's Pizzeria was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employs two or more employees, operates a business that purchases and sells numerous products that have moved across state lines, such as fountain soda and bottled and canned beverages, meats, cheeses, and vegetables for pizza toppings, and pasta, seafood, and other ingredients for catering and entrées. Louie's Pizzeria also accepts payments in cash that naturally moves across state lines, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Louie's Pizzeria to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants as kitchen staff workers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant Louie's Pizzeria is a New York corporation that operates an Italian restaurant / pizzeria located at 39 Old Country Road, Carle Place, New York 11514.

17. Defendant Tuccillo is Defendant Louie's Pizzeria's owner and day-to-day general manager, who oversaw and oversees the daily operation of the restaurant and who controls the terms and conditions of employment for all of its employees, in that he has and exercises the power to hire and fire all employees, supervises and controls employee work schedules, determines the rate and method of wages paid to all employees, and was and is responsible for maintaining employment records. To that end, Tuccillo personally hired Plaintiff, set Plaintiff's rate of pay, and determined his weekly schedule.

18. On or around September 27, 2017, Defendant Tuccillo hired Plaintiff to work at Defendants' restaurant, where Plaintiff worked as a non-managerial kitchen staff worker until August 13, 2020.

19. As a kitchen staff worker, Plaintiff's primary job duties consisted of washing dishes, preparing food, and maintaining the cleanliness of the kitchen.

20. From the beginning of Plaintiff's employment on September 27, 2017, until on or around February 15, 2020, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, Saturday and Monday through Wednesday, from 10:00 a.m. to 10:00 p.m., and Sundays from 10:00 a.m. to 9:00 p.m., with one forty-five-minute break during each shift each workday, for a total of fifty-five hours and fifteen minutes per week. Thereafter, beginning on or about February 16, 2020 and continuing until the end of his employment, Defendants required Plaintiff to work, and Plaintiff did work, four days per week, Sunday, from 10:00 a.m. to 8:00 p.m., then Monday through Wednesday, from 10:00 a.m. to 9:00 p.m., with one forty-five-minute break during each shift, for a total of forty hours per week.

21. Throughout Plaintiff's employment, Defendants paid Plaintiff a flat weekly salary as follows:

   a. From the start of his employment on September 27, 2017, until in or around late December 2017, $500.00 per week;

   b. From in or around early January 2018 until in or around August 2018, $550.00 per week;

   c. From in or around September 2018 until in or around late November 2019, $600.00 per week;

    d. From in or around early December 2019 until approximately February 15, 2020: $650.00 per week;

    e. From on or around February 16, 2020, through the end of his employment on August 13, 2020: $520.00 per week.

Plaintiff's salary, at all times, operated to cover only his first forty hours worked in a week. Thus, at no time during Plaintiff's employment did Defendants pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay, for any hours that he worked over forty in a week.

    22. By way of example only, for the week of January 12 through January 18, 2020, Defendants required Plaintiff to work, and Plaintiff did work, a total of fifty-five hours and fifteen minutes, according to the following schedule, with one forty-five minute break during each shift:

    Sunday, January 12, 2020: 10:00 a.m. to 9:00 p.m.;

    Monday, January 13, 2020: 10:00 a.m. through 10:00 p.m.;

    Tuesday, January 14, 2020: 10:00 a.m. to 10:00 p.m.;

    Wednesday, January 15, 2020: 10:00 a.m. to 10:00 p.m.;

    Thursday, January 16, 2020: off;

    Friday, January 17, 2020: off; and

    Saturday, January 18, 2020: 10:00 a.m. to 10:00 p.m.

In exchange for his work that week, Defendants paid Plaintiff a flat salary of $650.00 that covered only his first forty hours of work, and thus Defendants paid Plaintiff nothing for any of the sixteen hours and fifteen minutes that he worked in excess of forty for that week.

    23. In addition, for virtually all of Plaintiff's work days, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish, including five days during the week of

January 12 through January 18, 2020, as described in the paragraph above, yet for those days, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

24. Defendants paid Plaintiff on a weekly basis, in cash.

25. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of-hours wages owed for that week.

26. Additionally, Defendants did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

27. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

29. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

37. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

40. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

41. Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

43. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are hospitality employees within the meaning of the NYLL and the NYCRR.

46. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

47. Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

48. Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

49. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

51. As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

52. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

53. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

54. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

56. As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage notice at hire, let alone one that accurately contained the criteria required under the NYLL.

57. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.

58. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workday after the violation initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff and any FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
           November 25, 2020

                                Respectfully submitted,

                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiff*
                                655 Third Avenue, Suite 1821
                                New York, New York 10017
                                Tel. (212) 679-5000
                                Fax. (212) 679-5005

                  By: _____
                                MICHAEL R. MINKOFF (MM (4787)
                                ALEXANDER T. COLEMAN (AC 8151)
                                MICHAEL J. BORRELLI (MB 8533)